CONCURRING IN PART AND DISSENTING IN PART:
 {¶ 32} I respectfully dissent. I would affirm the summary judgment and find no abuse of discretion in the trial court's denial of leave to submit an expert report. I concur, however, in the majority's treatment of Reliance's summary judgment. *Page 13 
 {¶ 33} First, regarding Ross' seeking leave to supplement his brief in opposition, filed on August 14, 2006, I would find that the court committed no abuse of discretion. Ross was injured on January 29, 2003, filed his complaint on January 28, 2005, and had ample opportunity to obtain an expert to rebut Platten's April 2006 motion for summary judgment.
 {¶ 34} Ross filed his opposition to the motion on August 7, 2006, without seeking any further extension to obtain an expert report. Therefore, the trial court had all the materials it required to determine the motion for summary judgment. The court had already granted Ross two extensions to respond to the motion, and an affidavit of a safety expert could have been obtained between filing the complaint in January 2005 and responding to the motion in August 2006.
 {¶ 35} Secondly, I would affirm the granting of summary judgment for Platten because Ross failed to show knowledge by his employer that harm would be a substantial certainty, as required by the Fyffe test. Ross admitted in his deposition that he saw nothing about the condition of that part of the trench that indicated there might be a danger of a cave-in. His admission eliminates any genuine issue of material fact. If Ross, an experienced trench digger, saw no danger, how can he show that his employer had such knowledge that his injury would be a substantial certainty?
 {¶ 36} In a closely analogous case, the Second District Court of Appeals affirmed the granting of summary judgment for the employer because the employee *Page 14 
injured in a trench collapse could not show that his employer knew with substantial certainty that the injury would occur. Spates v. Jones Assoc. (July 12, 1995), Montgomery App. No. 15057.
 {¶ 37} The trench in Spates was estimated to be four to nine feet deep, although most of Jones' employees estimated the depth at five to six feet. No safety devices were in place for the outdoor trench in which Spates was injured, and the walls of the trench were not sloped. A backhoe was parked nearby and two lanes of traffic remained open, all contributing to the danger of a trench collapse. The Spates court found that the alleged OSHA safety violations which formed the basis of Spates' intentional tort claim did not meet the substantial certainty of harm required to create a genuine issue of material fact. The OSHA violations were just only one of many factors to be considered. Id.
 {¶ 38} The Spates court held that an employee may not circumvent the Workers' Compensation Act simply because a known risk blossoms into reality. "[A] known risk is not enough, by itself, to substantiate an intentional tort; [the courts] must demand a virtual certainty." Id., citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100,116. The court found Jones' actions could be construed as negligent or even reckless, but they did not satisfy the narrow definition of an intentional tort.
 {¶ 39} Likewise, the actions of Platten in the instant case could clearly be construed as negligent or reckless, but I see no evidence to satisfy the definition of *Page 15 
an intentional tort. Therefore, I would affirm the trial court's granting of summary judgment. *Page 1